| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James C. Bastian, Jr. – Bar No. 175415<br>Melissa Davis Lowe – Bar No. 245521<br>Rika M. Kido – Bar No. 273780<br>SHULMAN BASTIAN LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone:  (949) 340-3400<br>Facsimile:   (949) 340-3000<br>Email:  JBastian@shulmanbastian.com<br>        MLowe@shulmanbastian.com<br>        RKido@shulmanbastian.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* **Debtor and Debtor in Possession** | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>**CACHET FINANCIAL SERVICES, a California corporation, aka Cachet, fka Cachet Banq, Inc.**<br><br><br><br><br><br>Debtor(s). | CASE NO.: **2:20-bk-10654-VZ**<br><br>CHAPTER: **11**<br><br>**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]**<br><br>[No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) **Cachet Financial Services, a California corporation, debtor and debtor in possession**,
    filed a motion or application (Motion) entitled **Application for Order Authorizing Employment of The Rosner Law Group LLC as Debtor's Special Counsel for Litigation Pending in Delaware**.

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

    ☒ The full Motion is attached to this notice; or

    ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  **02/13/2020**

**/s/ James C. Bastian, Jr.**
Signature of Movant or attorney for Movant

**James C. Bastian, Jr.**
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

James C. Bastian, Jr. - Bar No. 175415
Melissa Davis Lowe - Bar No. 245521
Rika M. Kido – Bar No. 273780
**SHULMAN BASTIAN LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email:   JBastian@shulmanbastian.com
         MLowe@shulmanbastian.com
         RKido@shulmanbastian.com

Proposed Attorneys for Cachet Financial Services,
a California corporation, Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**CACHET FINANCIAL SERVICES, a California corporation<br>aka Cachet<br>fka Cachet Banq, Inc.**<br><br>Debtor. | Case No. 2:20-bk-10654-VZ<br><br>Chapter 11<br><br>**DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF THE ROSNER LAW GROUP LLC AS DEBTOR'S SPECIAL COUNSEL FOR LITIGATION PENDING IN DELAWARE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SCOTT J. LEONHARDT  IN SUPPORT**<br><br>[No Hearing Set] |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................................4

II.    APPLICATION .......................................................................................................4

    A.    Case Commencement and Background Information...............................................4

    B.    Retainer Paid to the Rosner Firm, Replenishment of the Retainer ........................5

    C.    Need For Legal Counsel - Services to be Performed ............................................6

    D.    Reason for Selection of the Rosner Firm - Qualifications of the Rosner Firm........8

    E.    The Rosner Firm is "Disinterested" .....................................................................8

    F.    Compensation Procedures ....................................................................................9

        1.    Employment Subject to Bankruptcy Code Section 330 ..............................9

        2.    Professional Fee Statements.....................................................................9

        3.    Court Approval of Fees .........................................................................11

III.   MEMORANDUM OF POINTS AND AUTHORITIES .........................................14

    A.    The Bankruptcy Code Authorizes the Debtor to Employ Professionals...............14

    B.    The Rosner Firm is Disinterested.......................................................................14

    C.    Cause Exists for Approval of the Compensation Procedures ...............................15

IV.    CONCLUSION ....................................................................................................18

DECLARATION OF SCOTT J. LEONHARDT.................................................................19

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6153-001\23\Employ App Rosner Special Counsel - Cachet Financial Services

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

*In re Gire*,
    107 B.R. 739, 746 (Bankr. E.D. Cal. 1989) ...............................................................15

*In re Knudsen*,
    84 B.R. 668 (Bankr. 9th Cir. 1988) .....................................................................16, 17

*In re Lotus Properties LP*,
    200 B.R. 338, 391 (Bankr. C.D. Cal. 1996) ............................................................15

*In re Park Helena Corp.*,
    63 F.3d 877, 880-82 (9th Cir. 1995) ......................................................................15

## **STATUTES**

Bankruptcy Code Section 101(14) .............................................................................14, 15

Bankruptcy Code Section 1107 .......................................................................................4

Bankruptcy Code Section 1108 .......................................................................................4

Bankruptcy Code Section 327 ...................................................................................14, 18

Bankruptcy Code Section 327(a) ....................................................................................14

Bankruptcy Code Section 330 ...................................................................................16, 17

Bankruptcy Code Section 331 ...................................................................................16, 17

## **RULES**

Federal Rule of Bankruptcy Procedure 2014 ...................................................................14

Federal Rule of Bankruptcy Procedures 2014(a) .............................................................18

Local Bankruptcy Rule 2014-1(b)(1) ...............................................................................18

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE; OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

**I.    INTRODUCTION**

Cachet Financial Services, a California corporation, the debtor and debtor in possession ("Debtor"), brings this application ("Application") for a Court order authorizing the employment of The Rosner Law Group LLC ("Rosner Firm") as its local counsel for the Interpleader Action (defined below) pending in Delaware, effective as of January 21, 2020, at the Rosner Firm's hourly rates, which may be subject to adjustment from time to time, plus reimbursement of expenses and costs.

In support of the Application, the Debtor respectfully represents as follows:

**II.    APPLICATION**

**A.    Case Commencement and Background Information**

The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code Bankruptcy Code on January 21, 2020 ("Petition Date").

The Debtor is continuing in possession of its property, and operating and managing of the financial affairs as a debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108.

Prior to the Petition Date, the Debtor executed an engagement agreement with the Rosner Firm pursuant to which the Rosner Firm was retained as Debtor's local counsel for the Interpleader Action pending in Delaware. A true and correct copy of the engagement agreement is attached as **Exhibit 1** to the Declaration of Scott J. Leonhardt ("Leonhardt Declaration"). The Debtor wishes to employ the Rosner Firm as its local counsel for the Interpleader Action in this case under the retainer received prior to the Petition Date (described in more detail below) to be billed against at Firm's regular hourly rates, plus costs.

The Debtor believes that employment of the Rosner Firm on the terms and conditions provided for below is in the best interest of the Estate.

**B.**     __Retainer Paid to the Rosner Firm, Replenishment of the Retainer__

Prior to the Petition Date, on January 13, 2020, the Debtor paid the Rosner Firm a retainer of $10,000.00.  The source of the retainer funds was from the Debtor.

The Debtor and the Rosner Firm have agreed that the retainer was an advance against fees for services to be rendered.  The retainer has been placed in a segregated account.  Debtor and the Rosner Firm considered the following factors in reaching this agreement:  the nature of Interpleader Action, the opposition anticipated, the probable duration of the Chapter 11 case and the time which the Rosner Firm will be required to devote to the representation of Debtor in the Interpleader Action.

Prior to the commencement of the bankruptcy case, the Rosner Firm incurred fees and costs totaling $1,857.70.  Thus, on the Petition Date, the balance of funds held in trust was $8,142.30.

During the Rosner Firm's consultations with the Debtor prior to the Petition Date, the Debtor was advised that the amount of the retainer paid to the Rosner Firm would not cover the total fees and expenses incurred in connection with the bankruptcy case.  The Debtor, however, advised that it believed that it could cover going forward fees and expenses from cash on hand, expected receipts, proceeds of the sale of certain assets and litigation recoveries.  Further, the Debtor had approximately $500,000.00  on hand in its accounts on the Petition Date, which gave the Rosner Firm comfort the Debtor could pay the expected fees and costs incurred in this case.  With this assurance, the Rosner Firm agreed to accept the engagement.  Therefore, the Rosner Firm and the Debtor have agreed that if the value of the retainer is exhausted the Debtor will place in the Rosner Firm's trust account, on a monthly basis, 100% of the amount of the Rosner Firm's monthly fees and 100% of the monthly expenses as they are incurred.  Notwithstanding the proposed replenishment of the retainer, the Firm requests authorization to obtain monthly payment of only 80% of its accruing fees and 100% of expenses in this case from the retainer and any replenishment of the retainer pursuant to the Professional Fee Statement procedures set forth below.

Consistent with the UST guidelines with respect to larger chapter 11 cases: (1) the Rosner Firm has not agreed to any variations from its standard customary billing for its employment in this case; (2) none of the professionals at the Rosner Firm vary their rate based on the geographical location of the bankruptcy case; (3) the Rosner Firm represented the Debtor prior to the Petition

1    Date (since on or January 8, 2020), the Firm's billing rates are the same as those identified in the

2    Application and the material financial terms for the engagement prior to the Petition Date are the

3    same as those described in this Application for the period after the Petition Date; (4) the Firm

4    provided the Debtor with estimated budgeted amounts on a project category basis for services

5    contemplated to be rendered during this chapter 11 case; and (5) the Firm informed the Debtor that

6    such estimated budgeted amounts were based on information available at the time of the estimated

7    budget and based on a number of assumptions, including, but not limited to, the extent of any

8    opposition and litigation involved in the case and non-bankruptcy litigation matters.

9    **C.    Need For Legal Counsel - Services to be Performed**

10    Debtor's Chapter 11 filing follows the fraudulent activity perpetrated against Debtor by one

11    of its remarketers and a suspicious transfer of funds by a downstream customer of one of its

12    remarketers, which eventually led to Debtor being unable to process ACH transactions and a freeze

13    on the Debtor's financial accounts by its bank, The Bancorp Bank ("Bancorp").[1] Without the ability

14    to process ACH transactions and access funds, Debtor was forced to cease operations as an ACH

15    processor.

16    Debtor has determined there is a need to retain the Rosner Firm in the administration of this

17    case for matters related to the Interpleader Action. Specifically, on November 5, 2019, Bancorp

18    filed an interpleader action against Debtor and many others in the United States District Court for

19    the District of Delaware, commencing Case No. 19-02088-MN ("Interpleader Action"). In the

20    Interpleader Action, Bancorp alleges that it is holding approximately $15 million in funds which do

21    not belong to it but which it cannot determine to whom the funds belong. Bancorp also alleges that

22    there will be a shortfall of approximately $10 million in what is owed to employees and other

23    recipients from the funds Bancorp is holding. The Debtor has not yet responded to the complaint.

24    

---

25    [1] Debtor is a national financial services company focused on Automated Clearing House ("ACH") processing and

26    related services for the payroll industry. Prior to the Petition Date, Debtor contracted with payroll companies (called
    "remarketers") pursuant to Remarketer Agreements to provide ACH transaction services to the remarketers. Debtor's

27    patented ACH process involves a two-part, debit-credit process by which the remarketer's bank accesses and collects
    money from the employer's bank accounts and then transfers those funds to Cachet's settlement account held by

28    Bancorp, and from there to the bank accounts of the employers' employees. This automated process is effectuated by
    digital files sent to Debtor by payroll processors, which files tell Debtor how much to withdraw from employers' bank
    accounts and how much to deposit into employees' accounts.

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

1    Bancorp filed an amended complaint on November 25, 2019.  The parties stipulated to extend the

2    Debtor's time to respond to the Interpleader to January 24, 2020.  In the amended complaint, Bancorp

3    alleges that it held over $30 million at the time of the original complaint but that was reduced to

4    approximately $15 million in the ensuing 20 days.

5        Debtor has potential claims and offsets against The Bancorp Bank, including claims related

6    to the Interpleader Action.

7        Debtor needs to employ the Rosner Firm as local counsel for the Delaware Interpleader

8    Action to render, among others, the following types of professional services:

9        1.      Assist Debtor's general counsel, Shulman Bastian LLP ("SB Firm") to prosecute the

10   Estate's interest in the Interpleader Action to a judgment.  The SB Firm is not admitted to practice

11   in Delaware.  Under applicable Delaware rules, the Debtor requires employment of the Rosner Firm

12   to serve as local counsel for the Interpleader Action and assist with legal matters related to the

13   Interpleader Action, signing of documents and pleadings on behalf of the Debtor, electronic filing

14   of documents on behalf of the Debtor and confirming that pleadings filed on Debtor's behalf in the

15   Interpleader Action comply with applicable Delaware local rules of practice and custom.

16       2.      If necessary, analysis of the settlement of Interpleader Action and assist the SB Firm

17   to conduct possible settlement negotiations taking into consideration the application of Delaware

18   local rules of practice and custom.  If a settlement is reached, assist the SB Firm in communicating

19   with District Court regarding the settlement, documenting and finalizing the settlement in

20   compliance with Delaware local rules of practice and custom.

21       3.      If a judgment is obtained in favor of the Estate, assist the SB Firm to oppose any

22   motion for new trial by any opposing party in conformance with applicable Delaware local rules

23   of practice and custom.

24       4.      Perform any and all other legal services incident and necessary to preserve and

25   recovery assets for the benefit of the Estate and its creditors related to the Interpleader Action.

26       The Debtor is employing the SB Firm as its general counsel in this bankruptcy case.  None

27   of the services to be performed by the Rosner Firm will duplicate the services performed by other

28   professionals in the case.

1  **D.      Reason for Selection of the Rosner Firm - Qualifications of the Rosner Firm**

2       The Debtor selected the Rosner Firm because the Debtor believes the firm is well qualified

3  to render the foregoing services.  The Rosner Firm is comprised of attorneys who are licensed in

4  Delaware and experienced are in, among other areas of law, insolvency, bankruptcy and corporate

5  reorganization and is well-qualified to represent the Debtor in proceedings of this nature.  The

6  Rosner Firm also has extensive experience in pursuit of claims in corporate bankruptcy cases, all

7  aspects of avoidance action litigation (preferences and fraudulent transfers), and commercial

8  litigation in Delaware federal and state courts, and has been extremely successful in such matters in

9  the context of bankruptcy cases and obtaining substantial recovery.  The Rosner Firm is also familiar

10  with the Debtor's financial matters and the matters related to disputes that are the subject of the

11  Interpleader Action.

12       All attorneys comprising or associated with the Rosner Firm who will appear in this case are

13  duly admitted to practice law in the courts of the State of Delaware and in the United States District

14  Court for the District of Delaware.  A biography of each professional of the Rosner Firm is attached

15  as **Exhibit 2** to the Leonhardt Declaration.   The Rosner Firm's current hourly billing rates are as

16  follows:

| **Attorneys** | **Hourly Rate** |
|---|---|
| Frederick Rosner | $400 |
| Scott Leonhardt | $375 |
| Jason Gibson | $350 |
| Ruby Liu | $325 |
| Paralegals | $200 |

23  **E.      The Rosner Firm is "Disinterested"**

24       Prior to the Petition Date, the Debtor employed the Rosner Firm to assist the SB Firm and

25  Debtor for matters related to the Interpleader Action – to serve as local counsel in matters related to

26  the Interpleader Action.

27       To the best of the Rosner Firm's knowledge after full investigation, neither the Rosner Firm,

28  nor any of the attorneys comprising or employed by it, have any connection with the Debtor, its

1  creditors or any other party in interest, their respective attorneys and accountants, the United States

2  Trustee, or any person employed by the Office of the United States Trustee.

3      To the best of the Rosner Firm's knowledge after full investigations, none of the attorneys

4  comprising or employed by the Rosner Firm are related to any judge of the United States Bankruptcy

5  Court, or to the United States Trustee or any employee of the United States Trustee.

6      To the best of the Rosner Firm's knowledge after full investigation, the Rosner Firm is both

7  disinterested as that term is defined  in Bankruptcy Code Section 101(14) and represents no interest

8  adverse to the Debtor or its Estate.  As of the Petition Date, the Rosner Firm was not a creditor of

9  the Estate and was not owed any funds by the Debtor.

10  **F.**    **Compensation Procedures**

11      **1.**    **Employment Subject to Bankruptcy Code Section 330**

12      As set forth above, as of the Petition Date, the remaining amount of the Rosner Firm's

13  retainer was $8,142.30.

14       The Rosner Firm understands the provisions of Bankruptcy Code Sections 327, 330 and 331

15  which require, among other things that its compensation in this case is subject to approval of the

16  Rosner Firm's employment in this case and Court approval of all fees and reimbursement of

17  expenses and costs that the Rosner Firm will receive from the Estate.

18      The Rosner Firm has agreed to be employed and compensated subject to the provisions of

19  Bankruptcy Code Section 330.  In conformity with Sections 330 and 331 of the Bankruptcy Code,

20  the Rosner Firm intends to file applications for allowance of fees and reimbursement of expenses

21  and costs advanced as and when appropriate.

22      **2.**    **Professional Fee Statements**

23      In accordance with the United States Trustee's Guide to Applications for Retainers, and

24  Professional and Insider Compensation ("UST Guide"), the Rosner Firm will submit monthly

25  Professional Fee Statements to the United States Trustee, together with documentation supporting

26  the charges for the professional services rendered and expenses incurred in the form required for

27  professional fee applications by applicable law.  In addition, a copy of the monthly Professional Fee

28  Statement (without the supporting documentation) will be served on the official creditors'

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

6153-001\23\Employ App Rosner Special Counsel - Cachet Financial Services

1  committee or, if no committee has been appointed, on the twenty largest unsecured creditors and on

2  those parties who have requested special notice.

3    If no written objection is filed with the Clerk of the Court and served on the Rosner Firm

4  within ten days after service of the Professional Fee Statement, the Rosner Firm will be authorized

5  to withdraw funds received by the Rosner Firm from the Debtor and held in the Rosner Firm's client

6  trust account as follows: 80% of the amount of the Rosner Firm's monthly fees and 100% of its

7  expenses as they are incurred.  If a written objection to the Rosner Firm's monthly Professional Fee

8  Statement is filed by a party in interest, the Rosner Firm will not withdraw the funds until the

9  objection has been resolved by the Court.  If the retainer funds have been exhausted and the Rosner

10  Firm's fees and expenses are being paid on a monthly basis, the Debtor, will not pay the Rosner

11  Firm the disputed amounts until the objection has been resolved by the Court.

12    No portion of the funds paid to the Rosner Firm pursuant to the monthly payment procedures

13  set forth here will be deemed to have been allowed by the Court unless and until such time as the

14  Court enters an order expressly allowing such fees and costs in accordance with the requirements of

15  Bankruptcy Code Sections  330 and 331.

16    Cause exists for the payment of the Rosner Firm's fees and expenses pursuant to the

17  foregoing procedures due to the urgency of the work to be performed and in light of the fees that

18  the Rosner Firm anticipates may be incurred in this case.  The Rosner Firm is being employed at a

19  time when significant work needs to be completed and the administration of the Interpleader Action

20  will require a substantial amount of attention from at least one attorney and one paralegal including

21  addressing a stay of the Interpleader Action proceedings and potential removal of the Interpleader

22  Action to the bankruptcy court.  The Rosner Firm has required assurance that it will be paid for its

23  services that will have to be performed during this case.  The Rosner Firm agreed to undertake

24  representation of the Debtor in this case in reliance on the payment terms set forth herein, including

25  payment of the retainer and payment of the Rosner Firm's fees and expenses on a monthly basis if

26  the retainer is exhausted.  As set forth in the Leonhardt Declaration, if the Rosner Firm cannot

27  receive payment of its monthly fees and expenses, the Rosner Firm may suffer financial hardship as

28  a result of its representation of the Debtor in this case.

1   The Rosner Firm agreed to undertake representation of the Debtor in this case in reliance on

2   the payment terms set forth in this Application, including the payment of the Rosner Firm's fees and

3   expenses on a monthly basis from Estate funds as they become available. As set forth in the

4   Leonhardt Declaration, if the Rosner Firm cannot receive payment of its accruing fees and costs on

5   a monthly basis in this case, it may suffer financial hardship as a result of its representation of the

6   Debtor in this case in that its overhead items such as payment of attorney and paralegal salaries will

7   remain constant yet cash flow will be restricted due to not receiving payment for services rendered

8   on the Debtor's behalf.

9   All of the retainer funds and retainer replenishments will be placed in the Rosner Firm's

10  client trust account, subject to compliance with the UST Professional Fee Statement procedures and

11  later applications for compensation in accordance with the law.  The Rosner Firm respectfully

12  submits, therefore, that good cause exists under the circumstances of this case for the Court to

13  approve these compensation procedures.

14  **3.    Court Approval of Fees**

15  The Rosner Firm understands that any compensation to be received by the Rosner Firm is

16  subject to approval by the Court, upon appropriate application and hearing in conformity with

17  Bankruptcy Code Sections  330 and 331.  Accordingly, no portion of the funds paid to the Rosner

18  Firm pursuant to the payment procedures described here will be deemed to have been allowed by

19  the Court unless and until such time as the Court enters an order expressly allowing such fees and

20  costs in accordance with the requirements of Bankruptcy Code Sections 330 and 331.

21  Approximately every four months, the Rosner Firm will file an application with the Court

22  seeking allowance and payment of its fees, including any sums not paid based on the monthly

23  compensation procedures set forth above, and costs incurred to that date.  At the conclusion of this

24  case, the Rosner Firm will file an appropriate application seeking final allowance of all fees and

25  costs, regardless of whether interim compensation has been paid to the Rosner Firm.   Upon

26  allowance of such fees and costs, the Debtor will pay to the Rosner Firm the difference between the

27  amounts allowed and any interim compensation paid to the Rosner Firm.   The Rosner Firm

28  understands and agrees that, if aggregate interim payments made to the Rosner Firm exceed the

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11

6153-001\23\Employ App Rosner Special Counsel - Cachet Financial Services

1    amount ultimately allowed to the Rosner Firm, the Rosner Firm will be required to, and will,

2    promptly repay the difference.

3        The Rosner Firm has not shared or agreed to share any compensation to be received by it in

4    this case with any other person, except as among partners of the Rosner Firm.

5        **WHEREFORE**, the Debtor requests that the Court enter an order as follows:

6    1.    Based upon the foregoing and pursuant to Bankruptcy Code Sections 327 and 330

7    and in accordance with Federal Rule of Bankruptcy Procedures 2014(a) and Local Bankruptcy Rule

8    2014-1(b)(1), the Debtor be authorized to employ the Rosner Firm as its special litigation counsel

9    for the Interpleader Action with compensation in such amount as the Court may hereafter allow in

10   accordance with law, on the terms set forth herein;

11   2.    The Debtor's employment of the Rosner Firm be authorized effective as of January

12   21, 2010;

13   3.    If the value of the Rosner Firm's retainer is exhausted, the Debtor be authorized to

14   place in the Rosner Firm's trust account, on a monthly basis, 100% of the amount of the Rosner

15   Firm's monthly fees and 100% of the monthly expenses as they are incurred.

16   ////

17   ////

18   ////

19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6153-001\23\Employ App Rosner Special Counsel - Cachet Financial Services

4.      Provided that the Rosner Firm complies with the provisions of the UST Guide, the Rosner Firm be authorized to withdraw funds received by the Rosner Firm from the Debtor and held in the Rosner Firm's client trust account, as follows: 80% of the amount of the Rosner Firm's monthly fees and 100% of the monthly expenses as they are incurred.

5.      The Court grants the Debtor and the Rosner Firm such other and further relief as may be just and proper under the circumstances of this case.

Dated:  February 11, 2020           **CACHET FINANCIAL SERVICES, a California corporation**

Aberash Asfaw, President

### III.    MEMORANDUM OF POINTS AND AUTHORITIES

**A.    The Bankruptcy Code Authorizes the Debtor to Employ Professionals**

Section 327 of the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

> . . . the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

Except for certain limitations not applicable here, a debtor has all of the rights and powers of, and performs all of the functions and duties of, a trustee in a Chapter 11 case.  11 U.S.C. § 1107(a).

**B.    The Rosner Firm is Disinterested**

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") mandates that a professional seeking approval of its employment by the bankruptcy estate must disclose ". . . any proposed arrangement for compensation . . ." and ". . . all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, [and] the United States Trustee . . . ."

The disclosure requirements of Rule 2014 of the Bankruptcy Rules are applicable to those professionals eligible for employment under Section 327(a).  Specifically, Section 327(a) requires that any professional person employed by the trustee be free of interests which are adverse to the estate, and be "disinterested."

"Disinterested persons" are defined in Section 101(14) as follows:

> The term "disinterested person" means a person that –
> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor or for any other reason.

1    11 U.S.C. 101(14).

2    All facts pertinent to a court's determination of whether the professional is disinterested or

3    holds an interest adverse to the estate must be disclosed. The professional is required to make a full,

4    candid and complete disclosure in its application for employment. See, *In re Lotus Properties LP*,

5    200 B.R. 338, 391 (Bankr. C.D. Cal. 1996) [citing *In re Park Helena Corp.*, 63 F.3d 877, 880-82

6    (9th Cir. 1995)]; *In re Gire*, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989); Fed.R.Bankr.P. 2014.

7    In this case, the Rosner Firm has complied fully with the disclosure requirements set forth

8    in the Bankruptcy Code and the Bankruptcy Rules. By the attached Leonhardt Declaration, the

9    Rosner Firm provides full and complete disclosure in order to demonstrate that it satisfies all

10   requirements imposed by the Bankruptcy Code and the Bankruptcy Rules for employment in this

11   case.

12   Based on these disclosures, neither the Rosner Firm nor any attorneys who are members of,

13   associated with, or of counsel to the Rosner Firm currently hold any interest materially adverse to

14   the interests of the Estate. The Rosner Firm satisfies both the disclosure and the "disinterestedness"

15   requirements for employment in this case.

16   **C.    Cause Exists for Approval of the Compensation Procedures**

17   Cause exists for payment of the Rosner Firm's fees and expenses on a monthly basis in light

18   of the significant fees that the Rosner Firm anticipates may be incurred in this case. The Rosner

19   Firm is being employed at a time when significant work needs to be completed and the

20   administration of the Interpleader Action will require a substantial amount of attention from at least

21   one attorney and one paralegal including addressing a stay of the Interpleader Action proceedings

22   and potential removal of the Interpleader Action to the bankruptcy court. The Rosner Firm has

23   required assurance that it will be paid for its services that will have to be performed during this case.

24   The Rosner Firm agreed to undertake representation of the Debtor in this case in reliance on the

25   payment terms set forth herein, including payment of the retainer and payment of the Rosner Firm's

26   fees and expenses on a monthly basis if the retainer is exhausted. As set forth in the Leonhardt

27   Declaration, if the Rosner Firm cannot receive payment of its monthly fees and expenses, the Rosner

28   Firm may suffer financial hardship as a result of its representation of the Debtor in this case.

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6153-001\23\Employ App Rosner Special Counsel - Cachet Financial Services

The problem arising is that when the professionals must wait an extended period of time for payment, the professional is essentially and unreasonably compelled to finance the Estate.  In order to alleviate this hardship, the Rosner Firm seeks replenishment of its retainer if exhausted and requests the Court authorize payment from the retainer of 80% of the amount of the Rosner Firm's monthly fees and 100% of the monthly expenses as they are incurred.

The proposed payment of the Rosner Firm's compensation is in accordance with the provisions of Sections 330 and 331 of the Bankruptcy Code and the decision of the United States Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP") in *In re Knudsen*, 84 B.R. 668 (Bankr. 9th Cir. 1988).  In the *Knudsen* case, the BAP affirmed a decision by the Honorable Barry Russell authorizing professionals to be compensated in accordance with monthly postpetition payment procedures, without the need for prior bankruptcy court approval of the professionals' billing statements.  The BAP determined that the post-petition monthly payment procedure was appropriate, in part, for the following reasons:

> (1)    The payment procedure allowed for scrutiny of fees by creditors and the bankruptcy court.  The monthly fees were paid only on an interim basis, and were not finally allowed until the filing of a detailed application, an opportunity for objection provided to creditors, and a review by the bankruptcy court of the application.  The BAP noted that the payment procedure proposed by the professionals in that case was itself noticed to creditors.  Id. at 671.
>
> (2)    There was no evidence that the payment procedure was to be used in a discriminatory manner.  The BAP stated that, so long as the fees paid to professionals but not allowed by the bankruptcy court can, if necessary, be recovered, there is no reason why discrimination would occur.  Id. at 672.

The procedures for payment of the Rosner Firm's compensation in this case are similar to the monthly payment procedure approved by the BAP in the *Knudsen* case and meet the requirements established by the BAP in that case for authorizing post-petition payments.

First, the proposed procedures for the monthly draws from the funds received from the Debtor allow for ample scrutiny of the Rosner Firm's monthly fees and expenses by creditors and the Court.  Furthermore, all funds withdrawn from the retainer and retainer replenishments and subject to interim applications for allowance of its fees and expenses and a final application for approval of fees and expenses, in accordance with the requirements of Sections 330 and 331 of the

1    Bankruptcy Code.  The scrutiny of the Rosner Firm's fees and expenses by creditors and the Court,

2    therefore, is undiminished.

3        Second, as set forth in the Leonhardt Declaration, in the event that any fees and expenses

4    paid to the Rosner Firm are not ultimately allowed by the Court, the Rosner Firm will repay to the

5    Debtor the amount of the difference.  The Rosner Firm understands that its ultimate compensation

6    in this case is subject to the provisions of Sections 330 and 331 of the Bankruptcy Code, and is

7    prepared to respond to any such reassessment.

8        Finally, the proposed arrangement is appropriate in light of the financial burden that the

9    Rosner Firm would otherwise be required to bear in this case. *See*, *Knudsen*, 84 B.R. at 672-73

10   (noting that circumstances under which monthly payment arrangements are approved include the

11   fact that an extended waiting period for payment would place undue hardship on counsel).  The

12   Rosner Firm anticipates that representing the Debtor in during bankruptcy case will consume a

13   significant amount of time of at least one attorney and one paralegal of the Rosner Firm.  As a result,

14   a significant amount of the Rosner Firm's resources will be devoted to the Debtor's reorganization

15   and related litigation efforts.  Due to the anticipated investment of time and effort of the Rosner

16   Firm's resources in this case, requiring the Rosner Firm to wait for periods of at least four months

17   to obtain payment of its fees pursuant to Bankruptcy Code section 331 would place undue hardship

18   on the Rosner Firm.  As set forth in the Leonhardt Declaration, it would be burdensome for the

19   Rosner Firm if it were effectively required to "finance" the Debtor's reorganization efforts in this

20   case.

21       The compensation procedures are fair and in accordance with the UST Guide and the

22   decision of the BAP in the *Knudsen* case, and serve to alleviate the hardship which the Rosner Firm

23   would suffer if it were required to represent Debtor and wait an extended period of time for payment

24   in this case.

25   ////

26   ////

27   ////

28

IV.    **CONCLUSION**

Based upon the foregoing, pursuant to Bankruptcy Code Sections 327 and 330 and in accordance with Federal Rule of Bankruptcy Procedures 2014(a) and Local Bankruptcy Rule 2014-1(b)(1), the Debtor respectfully submits that good cause exists for this Court to authorize the employment of the Rosner Firm as special litigation counsel in this Chapter 11 case on the terms and conditions set forth herein.

Respectfully submitted,

Dated:  February 11, 2020          **SHULMAN BASTIAN LLP**

/s/ James C. Bastian, Jr.

James C. Bastian, Jr.
Melissa Davis Lowe
Rika M. Kido
Proposed Attorneys for Cachet Financial Services, a California corporation, the Debtor and Debtor in Possession

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6153-001\23\Employ App Rosner Special Counsel - Cachet Financial Services

# DECLARATION

## DECLARATION OF SCOTT J. LEONHARDT

I, Scott J. Leonhardt, declare and state as follows:

1.       The matters stated herein are true and correct and within my personal knowledge.  If called as a witness, I could and would competently testify thereto.  I am an attorney licensed in the State of Delaware and associated with The Rosner Law Group LLC ("Firm") and am authorized to and make this declaration on its behalf.

2.       I am making this declaration in support of the Application to Employ The Rosner Law Group LLC as Special Counsel for Litigation Pending in Delaware ("Application") filed by Cachet Financial Services, a California corporation., the debtor and debtor in possession ("Debtor").

3.       Prior to the Petition Date, Debtor executed an engagement agreement with the Rosner Firm pursuant to which it was retained as counsel for the Debtor in the Interpleader Action. A true and correct copy of the engagement agreement is attached here as **Exhibit 1**.

4.       Prior to the Petition Date, on January 13, 2020, the Debtor paid the Rosner Firm a retainer of $10,000.00.  The source of the retainer funds was from the Debtor.

5.       The Debtor and the Rosner Firm have agreed that the retainer was an advance against fees for services to be rendered.  The retainer has been placed in a segregated account.  Debtor and the Rosner Firm considered the following factors in reaching this agreement:   the nature of Interpleader Action, the opposition anticipated, the probable duration of the Chapter 11 case and the time which the Rosner Firm will be required to devote to the representation of Debtor in the Interpleader Action.

6.       Prior to the commencement of the bankruptcy case, the Rosner Firm incurred fees and costs totaling $1,857.70.  Thus, on the Petition Date, the balance of funds held in trust was $8,142.30.

7.       During the Rosner Firm's consultations with the Debtor prior to the Petition Date, the Debtor was advised that the amount of the retainer paid to the Rosner Firm would not cover the total fees and expenses incurred in connection with the bankruptcy case.  The Debtor, however, advised that it believed that it could cover going forward fees and expenses from litigation recoveries.  Further, the Debtor had approximately $500,000.00 on hand in its accounts on the

Petition Date, which gave the Rosner Firm comfort the Debtor could pay the expected fees and costs incurred in this case.  With this assurance, the Rosner Firm agreed to accept the engagement. Therefore, the Rosner Firm and the Debtor have agreed that if the value of the retainer is exhausted the Debtor will place in the Rosner Firm's trust account, on a monthly basis, 100% of the amount of the Rosner Firm's monthly fees and 100% of the monthly expenses as they are incurred. Notwithstanding the proposed replenishment of the retainer, the Firm requests authorization to obtain monthly payment of only 80% of its accruing fees and 100% of expenses in this case from the retainer and any replenishment of the retainer pursuant to the Professional Fee Statement procedures set forth below.

8.      Consistent with the UST guidelines with respect to larger chapter 11 cases: (1) the Rosner Firm has not agreed to any variations from its standard customary billing for its employment in this case; (2) none of the professionals at the Rosner Firm vary their rate based on the geographical location of the bankruptcy case; (3) the Rosner Firm represented the Debtor prior to the Petition Date (since on or January 8, 2020), the Firm's billing rates are the same as those identified in the Application and the material financial terms for the engagement prior to the Petition Date are the same as those described in this Application for the period after the Petition Date; (4) the Firm provided the Debtor with estimated budgeted amounts on a project category basis for services contemplated to be rendered during this chapter 11 case; and (5) the Firm informed the Debtor that such estimated budgeted amounts were based on information available at the time of the estimated budget and based on a number of assumptions, including, but not limited to, the extent of any opposition and litigation involved in the case and non-bankruptcy litigation matters.

9.      The Rosner Firm is well qualified to render the services described in the Application. The Rosner Firm is comprised of attorneys who are licensed in Delaware and experienced are in, among other areas of law, insolvency, bankruptcy and corporate reorganization and is well-qualified to represent the Debtor in proceedings of this nature.  The Rosner Firm also has extensive experience in pursuit of claims in corporate bankruptcy cases, all aspects of avoidance action litigation (preferences and fraudulent transfers), and commercial litigation in Delaware federal and state courts, and has been extremely successful in such matters in the context of bankruptcy cases and

1    obtaining substantial recovery.  The Rosner Firm is also familiar with the Debtor's financial matters

2    and the matters related to disputes that are the subject of the Interpleader Action.

3        10.    All attorneys comprising or associated with the Rosner Firm who will appear in this

4    case are duly admitted to practice law in the courts of the State of Delaware and in the United States

5    District Court for the District of Delaware.  A biography of each professional of the Rosner Firm is

6    attached as **Exhibit 2** to the Leonhardt Declaration and incorporated herein by this reference.  The

7    Rosner Firm's current hourly billing rates are as follows:

8

| **Attorneys** | **Hourly Rate** |
| --- | --- |
| Frederick Rosner | $400 |
| Scott Leonhardt | $375 |
| Jason Gibson | $350 |
| Ruby Liu | $325 |
| Paralegals | $200 |

14        11.    In the normal course of business, the Rosner Firm maintains records of the expenses

15    incurred on behalf of its clients as they are incurred and input on the Rosner Firm's computer system.

16    Records for expenses including messenger services, computer research, postage, photocopies and

17    postage are kept as they are incurred and input on the computer system. Messenger services are only

18    used when it is crucial that document delivery be made immediately or by the next day. The Rosner

19    Firm normally charges ten cents per page for photocopies and will charge that amount for this

20    engagement.    The Rosner Firm normally charges $1.00 per page for outgoing and incoming

21    facsimile transmissions but to meet the requirements of the Court, will limit its charges to only

22    incoming facsimile transmissions at the amount of ten cents per page.

23        12.    To the best of the Rosner Firm's knowledge after full investigation, neither the

24    Rosner , nor any of the attorneys comprising or employed by it, have any connection with the Debtor,

25    its creditors or any other party in interest, their respective attorneys and accountants, the United

26    States trustee, or any person employed in the Office of the United States Trustee.  To the best of the

27    Rosner Firm's knowledge after full investigation, none of the attorneys comprising or employed by

28

1  the Rosner Firm are related to any judge of the United States Bankruptcy Court or to the United

2  States Trustee or any employee of the United States Trustee.

3      13.    To the best of the Rosner Firm's knowledge after full investigation, the Rosner Firm

4  is both disinterested as that term is defined in Bankruptcy Code Section 101(14) and represents no

5  interest adverse to the Debtor or its bankruptcy estate ("Estate").  As of the Petition Date, the Rosner

6  Firm was not a creditor of the Estate and was not owed any funds by the Debtor.

7      14.    The services to be performed by the Rosner Firm will not duplicate the services of

8  any other professionals to be employed in the case.

9      15.    Prior to the Petition Date, the Debtor employed the Rosner Firm to assist the Debtor's

10  general counsel, Shulman Bastian LLP, and Debtor for matters related to the Interpleader Action –

11  to serve as local counsel in matters related to the Interpleader Action.

12     16.    The Rosner Firm understands the provisions of Bankruptcy Code Sections 327, 330

13  and 331 which require, among other things that its compensation in this case is subject to approval

14  of the Rosner Firm's employment in this case and Court approval of all fees and reimbursement of

15  expenses and costs that the Rosner Firm will receive from the Estate.

16     17.    The Rosner Firm has agreed to be employed and compensated subject to the

17  provisions of Bankruptcy Code Section 330.  In conformity with Sections 330 and 331 of the

18  Bankruptcy Code, the Rosner Firm intends to file applications for allowance of fees and

19  reimbursement of expenses and costs advanced as and when appropriate.

20     18.    In accordance with the United States Trustee's Guide to Applications for Retainers,

21  and Professional and Insider Compensation ("UST Guide"), the Rosner Firm will submit monthly

22  Professional Fee Statements to the United States Trustee, together with documentation supporting

23  the charges for the professional services rendered and expenses incurred in the form required for

24  professional fee applications by applicable law.  In addition, a copy of the monthly Professional Fee

25  Statement (without the supporting documentation) will be served on the official creditors'

26  committee or, if no committee has been appointed, on the twenty largest unsecured creditors and on

27  those parties who have requested special notice.

28

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6153-001\23\Employ App Rosner Special Counsel - Cachet Financial Services

19.    If no written objection is filed with the Clerk of the Court and served on the Rosner Firm within ten days after service of the Professional Fee Statement, the Rosner Firm will be authorized to withdraw funds received by the Rosner Firm from the Debtor and held in the Rosner Firm's client trust account as follows: 80% of the amount of the Rosner Firm's monthly fees and 100% of the Rosner Firm's expenses as they are incurred.  If a written objection to the Rosner Firm's monthly Professional Fee Statement is filed by a party in interest, the Rosner Firm will not withdraw the funds until the objection has been resolved by the Court.  If the retainer funds have been exhausted and the Rosner Firm's fees and expenses are being paid on a monthly basis, the Debtor will not pay the Rosner Firm the disputed amounts until the objection has been resolved by the Court.

20.    No portion of the funds paid to the Rosner Firm pursuant to the monthly payment procedures set forth here will be deemed to have been allowed by the Court unless and until such time as the Court enters an order expressly allowing such fees and costs in accordance with the requirements of Bankruptcy Code Sections  330 and 331.

21.    Cause exists for the payment of the Rosner Firm's fees and expenses pursuant to the foregoing procedures due to the urgency of the work to be performed and in light of the fees that the Rosner Firm anticipates may be incurred in this case.  The Rosner Firm is being employed at a time when significant work needs to be completed and the administration of the Interpleader Action will require a substantial amount of attention from at least one attorney and one paralegal including addressing a stay of the Interpleader Action proceedings and potential removal of the Interpleader Action to the bankruptcy court.  The Rosner Firm has required assurance that it will be paid for its services that will have to be performed during this case.  The Rosner Firm agreed to undertake representation of the Debtor in this case in reliance on the payment terms set forth herein, including payment of the retainer and payment of the Rosner Firm's fees and expenses on a monthly basis if the retainer is exhausted.  As set forth in the Leonhardt Declaration, if the Rosner Firm cannot receive payment of its monthly fees and expenses, the Rosner Firm may suffer financial hardship as a result of its representation of the Debtor in this case.

22.    The Rosner Firm understands the provisions of Bankruptcy Code Sections 327, 330 and 331 which require, among other things that its compensation in this case is subject to approval of the Rosner Firm's employment in this case and Court approval of all fees and reimbursement of expenses that the Rosner Firm will received from the Estate.  The Rosner Firm has agreed to be employed and compensated subject to the provisions of Bankruptcy Code Section 330.  In conformity with Sections 330 and 331 of the Bankruptcy Code, the Rosner Firm intends to file applications for allowance of fees and reimbursement of expenses and costs advanced as and when appropriate and the only source of payment will be from property of the Estate and as authorized by the Court. Accordingly, no portion of the funds paid to the Rosner Firm pursuant to the payment procedures described in the Application will be deemed to have been allowed by the Court unless and until such time as the Court enters an order expressly allowing such fees and costs in accordance with the requirements of Bankruptcy Code Sections 330 and 331.

23.    Approximately every four months, the Rosner Firm will file an application with the Court seeking allowance and payment of its fees, including any sums not paid based on the monthly compensation procedures set forth above, and costs incurred to that date.  At the conclusion of this case, the Rosner Firm will file an appropriate application seeking final allowance of all fees and costs, regardless of whether interim compensation has been paid to the Rosner Firm.  Upon allowance of such fees and costs, the Debtor will pay to the Rosner Firm the difference between the amounts allowed and any interim compensation paid to the Rosner Firm.  The Rosner Firm understands and agrees that, if aggregate interim payments made to the Rosner Firm exceed the amount ultimately allowed to the Rosner Firm, the Rosner Firm will be required to, and will, promptly repay the difference.

////

////

////

24.    The Rosner Firm has not shared or agreed to share any compensation to be received by it in this case with any other person, except as among partners of the Rosner Firm.

25.    The members of the Rosner Firm are familiar with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and shall comply with them during the administration of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 11, 2020, at Wilmington, Delaware.


_Scott J. Leonhardt_____
Scott J. Leonhardt

SHULMAN BASTIAN LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6153-001\23\Employ App Rosner Special Counsel - Cachet Financial Services

# EXHIBIT 1

# Retainer Agreement

# The Rosner Law Group LLC

### Attorneys at Law

824 N. Market Street, Suite 810
Wilmington, Delaware 19801
(302) 777-1111
www.teamrosner.com

FREDERICK B. ROSNER*
rosner@teamrosner.com

SCOTT J. LEONHARDT
leonhardt@teamrosner.com

JASON A. GIBSON
gibson@teamrosner.com

ZHAO "RUBY" LIU⁺
liu@teamrosner.com

* Also admitted in NY
+ Also admitted in PA

January 8, 2020

**VIA EMAIL (blowers@cachetbanq.org)**
Al Blowers
Cachet Financial Services
175 S. Lake Avenue, Suite 200
Pasadena, CA 91101

     Re:    *The Bancorp Bank v. 1 Source Business Solutions, LLC, et al.*
           **District Court Civil Action No. 19-02088-MN**
           <u>**Cachet Financial Services - Terms of Engagement**</u>

Dear Mr. Blowers:

    We are pleased that you have selected The Rosner Law Group LLC (the "<u>Firm</u>") to act as counsel to Cachet Financial Services (the "<u>Client</u>") in connection with the above-referenced action pending in the United States District Court for the District of Delaware. We will be happy to do so and look forward to the opportunity to work on this matter. We also are pleased to advise you of the terms of Client's engagement of The Rosner Law Group LLC.

    Our fees are based on the time spent and the regular hourly rates of each attorney and legal assistant performing services on the Client's behalf. The hourly rates vary from person to person and are adjusted periodically (usually in January each year). We will be glad to provide you with a schedule of rates presently in effect for all the lawyers, paralegals and legal assistants who may be performing work for the Client, if you so desire. The work on the matter will be handled at the following discounted rates: Frederick B. Rosner at $400/hr.; Scott J. Leonhardt at $375/hr.; Jason A. Gibson at $350/hr.; or Zhao (Ruby) Liu at $325/hr. I will endeavor to have junior associates and/or legal assistants, at lower rates, handle appropriate tasks.

    We will send you periodic statements for our fees, disbursements and out-of-pocket expenses made or incurred on the Client's behalf. These expenses would typically include such

{00027391. }

# Exhibit 1

*OVER $200 AB*

items as document reproduction, travel expenses, long distance telephone calls, mailing charges, necessary secretarial overtime, messenger services, filing fees, the cost of deposition or other transcripts of testimony, and other expenses of litigation. If we anticipate that substantial expenses will be incurred on the Client's behalf, we will discuss the expenses with you and may request a deposit prior to incurring such expenses or we may request that you pay the vendor directly.

In connection with our representation of the Client in this matter, and because we previously have not provided services to the Client, we are requesting a retainer in the amount of $10,000.00. The retainer may be received by check made payable to The Rosner Law Group LLC, and remitted to the address listed above, or be made by wire transfer, as follows:



The retainer amount will be applied to our professional fees, charges and disbursements due and outstanding at the end of this engagement. To the extent this amount exceeds our fees, charges, and disbursements upon completion of the engagement, we will refund any unused portion. Our services will commence upon receipt of a copy of this letter signed by Client and receipt of the retainer amount in available funds.

Given the scope of our potential client representations, it is possible that some of our present or future clients will have matters adverse to the Client or its affiliates while we are representing the Client. We understand that the Client has no objection to our representation of parties with interests adverse to the Client or its affiliates and waives any actual or potential conflict of interest as long as those other engagements are not ~~substantially~~ related to our services to the Client.

*AB  REQUEST MORE INFORMATION*

We agree, however, that the Client's consent to, and waiver of, such representation shall not apply in any instance where, as a result of our representation of the Client, we have obtained proprietary or other confidential information of a non-public nature, that, if known to such other client, could be used in any such other matter by such client to the Client's material disadvantage or potential material disadvantage. By agreeing to this waiver of any claim of conflicts as to matters unrelated to the subject matter of our services to the Client, the Client also agrees that we are not obliged to notify the Client when we undertake such a matter that may be adverse to it.

Similarly, new lawyers may join our firm. These lawyers may have represented parties adverse to the Client while employed by other law firms or organizations. We assume, consistent with ethical standards, that the Client has no objection to our continuing representation of it notwithstanding our lawyers' prior professional relationships.

*(AND ITS PARENT FINANCIAL BUSINESS Group Holdings*

This will also confirm our understanding that, unless we reach an explicit understanding to the contrary, we are being engaged by, and will represent the Client, ~~and not any parent, subsidiary~~ or affiliated entities of the Client, and that we are not being engaged to represent any officers, directors, members, partners, shareholders or employees of the Client.

# Exhibit 1

*WE ARE So
REQUESTING
A3*

Unless previously terminated, our representation of the Client will terminate upon our sending you our final statement for services rendered in this matter.  Following such termination, any otherwise nonpublic information you have supplied to us which is retained by us will be kept confidential in accordance with applicable rules of professional conduct.  At your request, the Client's papers and property will be returned to you promptly upon receipt of payment of outstanding fees and costs.  Our own files pertaining to the matter will be retained by the firm.  These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyers' work products such as drafts, notes and internal memoranda.  All such documents retained by the firm will be transferred to the person responsible for administering our records retention program.  For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

I greatly appreciate the privilege of representing the Client and look forward to our continued relationship.

Very truly yours,

*Scott Leonhardt*

Scott J. Leonhardt

READ AND AGREED TO:

CACHET FINANCIAL SERVICES

By: _____

Name: Al Blowers
Title:  Chairman

cc: Aberash Asfaw (aberash@cachetbanq.com)
    Wendy Slavkin, Esq. (wendy@slavkinlaw.com)

# Exhibit 1

# EXHIBIT 2

# Firm Biographies





Frederick B. Rosner

**Phone:** 302-319-6300

**Frederick B. Rosner** practices in the areas of bankruptcy law, commercial litigation and corporate transactional work. Fred's diverse practice includes lead and Delaware counsel representation of chapter 11 debtors, creditors' committees, liquidating trusts, secured and unsecured creditors, indenture trustees, bondholders, officers and directors, insurance companies, unions, debtor-in-possession lenders, intellectual property licensors, acquirers of assets and investors in workouts and bankruptcy cases. He has represented clients in a wide variety of industries, including retail, real estate, airline, healthcare, shipping, manufacturing and technology.

Admitted to practice in Delaware and New York, Mr. Rosner is a member of the American Bankruptcy Institute and the Delaware Inns of Court. He is a 1982 graduate of Hamilton College and a 1986 graduate of Brooklyn Law School, where he was awarded the Philip K Younge Prize for Outstanding Achievement in Bankruptcy and Commercial Law. Prior to entering private practice, Mr. Rosner served as law clerk to the late Honorable Conrad B. Duberstein, Chief U.S. Bankruptcy Judge for the Eastern District of New York.

# Exhibit 2

Fred serves on the mediation panel for both the District and Bankruptcy Courts in Delaware.

## Selected Publications

- *Contributing Author, Collier on Bankruptcy, §§ 701, 702, 703 and 705, Matthew Bender & Co.*
- *Contributing Author, The Effect of Bankruptcy on Leasing, Current Leasing Law & Techniques, Matthew Bender & Co.*
- *Contributing Author, Warren's Weed New York Practice, Bankruptcy, Matthew Bender & Co.*
- *Contributing Author, Bergerman and Roth, Forms: Bankruptcy Affecting Real Estate, Matthew Bender & Co*
- *Co-Author, "Debtor in Possession Financing: Problems with Loan Participants," National Law Journal*
- *Co-Author, "Priority Claims for Trust Fund Taxes," The Bankruptcy Strategist*
- *Co-Author, "Commencement of the Chapter 11 Case," Practicing Law Institute*

## Selected Speaking Engagements

- Frequent lecturer and panel member on topics of corporate restructuring, bankruptcy and related insolvency issues. Mr. Rosner appeared on CNN to discuss proposed 2005 amendments to the Bankruptcy Code.
- Lecture, "Pursuing Avoidance Actions," 2009
- Lecture, "Landlord-Tenant Law," 2009
- Lecture, "Fundamentals of Bankruptcy Law and Practice," 2005
- Lecture, "Cutting Edge Bankruptcy Issues," 2004
- Lecture, "Revised *UCC* Article 9 - Secured Transactions Revisited," 2004
- Lecture, "Problem Loans in Delaware," 2003
- Lecture, "Liens and Credit Issues in Bankruptcy," 2002
- Lecture, "Creditors' Rights in Bankruptcy," 2002
- Lecture, "Bankruptcy Litigation," 2001

# Exhibit 2



**Scott J. Leonhardt**

**Phone:** 302-319-6301

**Scott J. Leonhardt** practices in the areas of alternative entities, corporate transactions and commercial and bankruptcy litigation.  Scott's practice includes issuing bankruptcy remote, substantive non-consolidation, UCC, power and authority, cross border and various other types of third party closing opinions letters.  Scott also provides advice on all aspects of  Delaware LLCs and LPs, the rights and remedies of members and partners, entity formation, commercial transactions, friendly foreclosures and various ways to wind down an entity through judicial and extra-judicial dissolutions, ABCs and filing a chapter 7 bankruptcy petition. Scott also has experience in the Delaware Court of Chancery including business divorces, seeking the appointment of receivers, defending advancement actions, suits involving stock rescission and 220 books and records actions.  Scott serves as lead and Delaware counsel to chapter 11 debtors, chapter 15 debtors, special servicers, creditors commencing involuntary petitions, landlords, officers and directors, creditors' committees, liquidating trusts, secured and unsecured creditors, acquirers of assets and investors in bankruptcy cases.

Scott graduated from  William and Mary Law School in 2006 and was trained to issue  opinions  at Richards, Layton & Finger, P.A during the height of the CMBS boom and worked on very large, complex CMBS transactions, sometimes involving over 500 special purpose entities, one billion dollars in financing, and several tranches of mezzanine debt.   Scott has issued numerous CMBS opinions, and is familiar with the rating agency requirements, the Tri-Bar opinion standards, and opinion market standards generally.

Admitted to practice in Delaware, Mr. Leonhardt is a member of the American Bankruptcy Institute and the Delaware Inns of Court.

# Exhibit 2



**Jason A. Gibson**

**Phone**: 302-319-6302

**Jason A. Gibson** focuses his practice on corporate bankruptcy law representing official committees, landlords, and other parties in Chapter 11 and Chapter 7 cases. Prior to joining The Rosner Law Group, Jason worked for a consumer law firm primarily representing consumers in Chapter 7 and Chapter 13 bankruptcy. Before practicing law, he worked in the litigation department of a major bank where he managed lawsuits dealing with violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Telephone Consumer Protection Act, and avoidance actions among other causes of action.

Jason is a graduate of the Delaware Law School at Widener University where he was a Senior Articles Editor for the Widener Journal of Law, Economics and Race. While in school, Mr. Gibson was also an intern with the Veterans Law Clinic where he helped military veterans and families obtain disability benefits from the Department of Veterans Affairs.

Mr. Gibson served in the United States Marine Corps from 1999-2003. Currently, he serves on the Parent-Business Advisory Committee for the Appoquinimink School District.

Jason also serves as a volunteer attorney guardian ad litem for the Office of the Child Advocate.

Admitted to Practice:

Delaware; United States District Court for the District of Delaware

## Exhibit 2



Zhao (Ruby) Liu

**Phone:** 302-319-6306

**Zhao (Ruby) Liu** represents debtors, significant creditors, acquirers of assets, and contract counterparties in chapter 11 and chapter 7 proceedings and bankruptcy litigation.  Ruby also assists companies and creditors in out-of-court work out and restructuring efforts.   Ruby's litigation service extends to Delaware corporate and commercial matters before the United States District Court for the District of Delaware, the Delaware Court of Chancery, and the Delaware Superior Court.

Prior to joining the firm, Ruby served as a judicial intern for then-Vice Chancellor Donald F. Parsons at the Delaware Court of Chancery and Chief Magistrate Judge Martin C. Carlson at the United State District Court, Middle District of Pennsylvania.

Ruby earned her J.D. from the Widener University Commonwealth Law School and her B.S. from University of Maryland.   While in law school, Ruby was awarded the American Bar Association Business Law Section's Diversity Scholarship.   Ruby also was a senior editor of the Widener Journal of Law, Economics and Race, a member of the Moot Court Honor Society, and a research assistant to Law Professor Juliet Moringiello.

Ruby is a member of the American Bar Association Business Law Section, the American Bankruptcy Institute, the International Women's Insolvency & Restructuring Confederation, and the Delaware Bankruptcy American Inn of Court.

{00027287. }

# Exhibit 2

**Recent Accomplishment:**

- Ruby was one of the twelve nationally selected Business Fellows for the American Bar Association Business Law Section for the Year of 2019.

- Ruby was quoted in Tencent News in Yueting Jia's Chapter 11 Bankruptcy.[1]

- Ruby recently gave a presentation to a group of Chinese delegation at the North Caroline Chinese Business Association on the topic of Corporate Mergers and Acquisitions and Asset Restructuring.

**Recent Representations:**

- Represented major PRC-based creditors in Yueting Jia's Chapter 11 bankruptcy pending in the United States Bankruptcy Court, District Court of Delaware;

- Represented a steel product manufacturer to acquire assets from a major U.S. steel company;

- Represented a Taiwanese clothing manufacturer in a breach of contract lawsuit against a U.S.-based company in Delaware Superior Court; and

- Represented an Italian wine producer in a breach of contract lawsuit against an U.S. based wholesaler in the United State District Court in the District of Delaware.

---

[1] A copy of the article can be achieved at:  https://new.qq.com/omn/20191206/20191206A0CWI000.html

**Exhibit 2**



## About the Firm

The Rosner Law Group LLC is a boutique firm with a sophisticated bankruptcy, commercial litigation and corporate transactional practice dedicated to providing services to clients at competitive rates. The firm represents debtors-in-possession, official committees, secured creditors, financial institutions, unsecured trade creditors, landlords, chapter 7 trustees, DIP lenders, purchasers of assets from bankruptcy estates, licensors of intellectual property, directors and officers, indenture trustees, franchisees and chapter 7 debtors.

The firm also represents clients in a wide variety of industries in commercial litigation matters in the Delaware state and federal courts.

The firm also is available to issue third party closing opinions (e.g. due formation, UCC perfection, authority to file, bankruptcy remote, enforceability, authorization, etc.).

Our clients value our professionalism and responsiveness and appreciate our efficient, cost-efficient approach to the practice of law. We are committed to

{00027287. }

# Exhibit 2

making a swift and comprehensive analysis to protect our client's interests and further their objectives.

The firm is available for both lead and Delaware counsel engagements.

## Representative Clients

| Fiduciary Roles | Official Committees |
|---|---|
| Delaware counsel to Vernon Tort Trustee in *In re Exide Technologies In the Matter of Gizmondo Europa Limited* (in Liquidation) - Expert Report to the British High Court of Justice, Chancery Division on fiduciary duties under Delaware Appointed Chapter 11 Trustee in Optical DataComm Appointed Examiner in Moreshet Israel, Inc. Appointed Wind Down Director in Via.Networks (Delaware Chancery Ct.) | Co-counsel, *In re Outer Harbor Terminal, LLC* Co-counsel, *In re Taylor-Wharton Int'l* Co-counsel, *In re City Sports, Inc.* Co-counsel, *In re F-Squared Investment Management, LLC* Co-counsel, *In re Corinthian Collgege, Inc.* Co-counsel, *In re Nirvanix* Co-counsel, *In re Handy Hardware* Co-counsel, *In re Gridway Energy* Co-counsel, *In re Capitol Infrastructure, LLC* Co-Counsel, In re Signature Styles, LLC Co-Counsel, In re Xstream Systems, Inc. Special Litigation Counsel for avoidance actions, *In re Creative Group, Inc.* Co-counsel, *In re Point Blank Solutions, Inc., et al.* Post-Effective Date Committee, *In re Goody's Family Clothing, Inc.* |
| **Chapter 11 Debtors/Liquidating Trusts** Lead, *In re MabVax Therapeutics Holdings, Inc.* Co-counsel, *In re Candi Controls, Inc.* Lead, *In re FirstRain, Inc.* Co-counsel to the Plan Administrator in *HHD LD, Inc.* Co-counsel, *In re MFM Industries, Inc.* Special conflicts counsel to Liquidating Trust, *LandSource Communities Development, LLC* Co-counsel to the Reorganized Debtors, *In re VeraSun Energy Corp.* Special conflicts co-counsel, *In re Capmark Financial Group Inc.* Co-counsel, *In re PTC Alliance Corp.* Co-counsel, *In re Arclin US Holdings, Inc.* | Co-counsel, *In re Domain, Inc.* Co-counsel, *In re Magnolia Energy* Co-counsel, *In re Comdial Corp.* Co-counsel, *In re Rufus* Co-counsel, *In re New Weathervane Retail* Co-counsel, *In re Miix Group* Co-counsel, *In re Talkpoint* Co-counsel, *In re New Heights Recovery & Power, LLC* Co-counsel, *In re Dream Machine* Co-counsel, *In re AM Communications* Co-counsel, *In re Internet Direct Communications* Co-counsel, *In re Chi-Chi's, Inc.* |

# Exhibit 2

Co-counsel, *In re Jancor Companies, Inc.*
Co-counsel, *In re A.B. Dick, et al.*
Special conflicts counsel to Liquidating Trust in DVI
Special conflicts counsel to Liquidating Trust in TW, Inc.
Special conflicts co-counsel to Liquidating Trust in KB Toys
Co-counsel, *In re SGP Acquisition, LLC*
Co-counsel, *In re Mooney Aerospace*
Co-counsel, *In re Lexington Healthcare Group, Inc.*
Co-counsel, *In re Ponderosa Fibres of America*
Co-counsel, *In re Pegasus Acquisition*
*In re SLS International, Inc.*
*In re Delaney House, LLC*
*In re APW Enclosures Systems, Inc.*
*In re Sempre Restaurant Associates, Inc.*
*In re Smooth Grove, Inc.*
*In re PDQ Offset, Inc.*
*In re International Cutlery Ltd.*
*In re Club Etre, LLC*
*In re AM Korea Inc.*
*In re Red Dot Scenic, Inc.*
*In re Best and Young Corporation*
*In re Phoenix Sound, Inc.*
*In re Stanley Alan Bell Associates, Inc.*
*In re 110 Food Corp.*

**Equipment Financiers/Lessors**

Hussmann Corporation in Fleming Companies
Transamerica Business Credit in Winstar
Ingersoll-Rand Company in matters nationwide
The Timken Company in matters nationwide
CIT Communications in Olympus Healthcare

Co-counsel, *In re Cyclelogics*
Co-counsel, *In re Kaiser Aluminum Corp.* (Retirees' Committee)
Co-counsel, *In re E-Toys*
Co-counsel, *In re Bill's Dollar Stores*
Co-counsel, *Inre FRD*
Co-counsel, *In re American Tissue*
Co-counsel, *In re US Mineral Products* (Asbestos Claimants' Committee)
Co-counsel, *In re A-Best Products* (Asbestos Claimants' Committee)
Co-counsel, *In re PSA*

**Chapter 7 Corporate Debtors**

*Global Energy Innovations, Inc.*, Case No. 16-12624 (BLS)
*Makerware, Inc.*, Case No. 16-12352 (MFW)
*SLS International Inc.*, Case No. 09-10696 (KG)
*EduTech Inc.*, Case No. 16-10686 (KG)
*Amity Entertainment, Inc.*, Case No. 09-13510 (KJC)
*Alcanze LLC*, Case No. 09-11910 (BLS)
*Digital Network North America, Inc.*, Case No. 15-11535(KG)
*PixelOptics, Inc.*, Case No. 13-12875 (KJC)
*Real Software North America Corp.*, Case No. 01-02172 (MFW)
*FIS Holdings, Inc.*, Case No. 03-12360 (MFW)
*Ace Holding Company, LLC*, Case No. 08-12642 (CSS)
*Howorth Air Technology Inc.*, Case No. 09-14423 (PJW)
*Meriton Networks Inc.*, Case No. 11-10318 (MFW)
*Aegis Mortgage Corporation*, et al., Case No. 07-11119 (BLS)
*Global Impact Strategies, Inc.*, Case No. 19-11571 (CSS)

{00027287. }

# Exhibit 2

**Co-Counsel to WARN Act Claimants:**

*Fisker Automotive Holdings, Inc., et al.*, Case No. 13-13087 (KG)
*AFA Investment, Inc., et al.*, Case No. 12-11127 (MFW)
*Coda Holdings, Inc., et al.*, Case No. 13-11153 (CSS)
*Solyndra LLC, et al.*, Case No. 11-12799 (MFW)
*Digital Domain Media Group, Inc., et al.*, Case No. 12-12568 (BLS)
*TSC Global, LLC, et al.*, Case No. 12-10505 (KG)
*Hampton v. Navigation Capital Partners, Inc.*, Case No. 13-cv-747 (LPS)
*Emivest Aerospace Corporation*, Case No. 10-13391 (MFW)
*Mortgage Lenders Network USA, Inc.*, Case No. 07-10146(PJW) (representing Creditor Liquidity Asset Management)

**Chapter 15 Cases**

Co-counsel to *MNP, Ltd.*, Authorized Foreign Representative to Chapter 15 Debtors, *Electro Sonic Inc.* and *Electro Sonic of America LLC*, Case No. 14-10240 (LSS)
Co-counsel to Flynn Parties in Chapter 15 Case of *IBRC*, Case No. 13-12159 (CSS)

**Avoidance Action Litigation (Plaintiff and Defendant)**

Counsel to Debtors, *Cal Dive*
Special Conflicts Counsel, *In re Deb Stores*
Special Conflicts Counsel to GUC Trustee in *In re Exide Technologies*
Co-counsel to consolidated estates

**Chapter 7 Trustee**

*Co-counsel to Chapter 7 Trustee, In re Xstream Systems, Inc.*
*Counsel to Chapter 7 Trustee; In re RDVA, Inc.*
*Counsel for Chapter 7 Trustee, In re Chateau Hip, Inc.*
*Counsel for Chapter 7 Trustee, In re Perfect Trading Co., Inc.*

**Other Representative Matters**

*Plastipak as acquirer of substantially all of the Constar's assets*
*Newbold Equipment Service, as acquirer of assets/leases in Ameriking*
*Co-counsel to the LTW Holders, Washington Mutual*
*Co-counsel to Jeld-Wen, inc. in In re Grossmans (reversed Frenville decision)*
*Copreci S. Coop./Mondragon Components, USA (owner of patent applications in DHP Holdings II Corporation)*
*Tigon Studios, Inc. (movie studio) in Midway Games, Inc.*
*Altfillisch Contractors, Inc. (mechanic liens) in LandSource Communities Development LLC*
*Newbold Equipment Service, as acquirer of assets/leases in Ameriking*
*Fuji Photo U.S.A., Inc. in Fleming Companies*
*Bank of New York, as Indenture Trustee, in United Petroleum*
*Merck & Co., Inc. in Inacom*
*Co-counsel, Wells Fargo, N.A. in ABFS*

***Delaware/Federal Opinion Letters***

Substantive Non-Consolidation (Federal)
Bankruptcy Remote (Delaware State Law, a/k/a Delaware Non-Dissolution and Federal Authority to File)

## Exhibit 2

of *In re THQ, Inc.*

Co-counsel to Avoidance Action Committee in *In re AFA Investment*

Co-counsel to Pirinate Consulting Group, LLC, as Litigation Trustee for the NP Creditor Litigation Trust (over 750 avoidance actions)

Special Conflicts Counsel to the Unsecured Creditor Agent, *Orleans Homebuilders, Inc.*

Co-counsel to Creditor Trustee, *In re CEI Liquidation Estate, et al.* (over 200 avoidance actions)

Special conflicts counsel to Liquidating Trust, *LandSource Communities Development, LLC*

Co-counsel to the Reorganized Debtors, *In re VeraSun Energy Corp.* (commenced over 200 avoidance actions)

Special conflicts counsel to Liquidating Trust in *DVI*

Special conflicts counsel to Liquidating Trust in *TW, Inc.*

Special conflicts co-counsel to Liquidating Trust in *KB Toys*

Special Litigation Counsel for avoidance actions, *In re Creative Group, Inc.* (over 80 actions in S.D.N.Y.)

Many hundreds of representations on behalf of defendants in avoidance actions.

UCC Perfection (for Delaware entities)
Power and Authority/Due Authorization/No Violation (for Delaware entities)
Due Formation/Due Incorporation/Valid Existence (for Delaware entities)
Enforceability (for Delaware law governed agreements)
No Litigation (Delaware courts)
Choice of Law/Enforcement of Foreign Judgments
Delaware Statutory Trusts

**Advice to Delaware Boards of Directors on Fiduciary Duties Under Delaware Law**

**Delaware Court of Chancery**

Appointment of Receiver
Defend Advancement Action
Defense of Misappropriation of Trade Secrets
Prosecution of Misappropriation of Trade Secrets
Defense of Covenant Not To Compete
220 Books and Records Demand/Defense

# Exhibit 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF THE ROSNER LAW GROUP LLC AS DEBTOR'S SPECIAL COUNSEL FOR LITIGATION PENDING IN DELAWARE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SCOTT J. LEONHARDT IN SUPPORT [With Notice of Opportunity to Request a Hearing]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 13, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 13, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   **Not Applicable**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 13, 2020 | Lorre Clapp | /s/ Lorre Clapp |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**

## NEF SERVICE LIST

- **James C Bastian**    on behalf of Debtor jbastian@shulmanbastian.com

- **Louis J. Cisz**    on behalf of Bene-Care Payroll LLC  lcisz@nixonpeabody.com, jzic@nixonpeabody.com

- **Brian D Huben**    on behalf of The Bancorp Bank hubenb@ballardspahr.com, carolod@ballardspahr.com

- **Kevin M Lippman**    on behalf of Exponent Technologies Inc klippman@munsch.com, pmoore@munsch.com

- **Kathleen M Miller**    on behalf of AdvanStaff Inc kmiller@skjlaw.com

- **Kelly L Morrison**    on behalf of United States Trustee kelly.l.morrison@usdoj.gov

- **Alan I Nahmias**    on behalf of Interested Party anahmias@mbnlawyers.com, jdale@mbnlawyers.com

- **Ryan D O'Dea**    on behalf of Debtor rodea@shulmanbastian.com, LGauthier@shulmanbastian.com

- **Faye C Rasch**    on behalf of Verde Human Capital LLC frasch@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com

- **United States Trustee (LA)**    on behalf of United States Trustee ustpregion16.la.ecf@usdoj.gov

## U.S. MAIL SERVICE LIST

**DEBTOR**
CACHET FINANCIAL SERVICES
ATTN ABERASH ASFAW PRESIDENT
175 S LAKE AVENUE SUITE 200
PASADENA, CA 91101

**UNITED STATES TRUSTEE**
UNITED STATES TRUSTEE
915 WILSHIRE BLVD SUITE 1850
LOS ANGELES, CA 90017

**RFSN AND CLAIM FILED ON BEHALF OF INTERPLEADER REMARKETER PARTY - CHECK MATE PAYROLL LLC**
WAYNE Z BENNETT ESQ
CLYDESNOW
201 SOUTH MAIN STREET SUITE 1300
SALT LAKE CITY, UT 84111

**RFSN ON BEHALF OF VERDE HUMAN CAPITAL LLC**
THOMAS A BUFORD III ESQ
BUSH KORNFELD LLP
601 UNION STREET SUITE 5000
SEATTLE, WA 98101

**SCHEDULE F – 20 LARGEST**
BANCORP BANK
ATTN PRESIDENT OR MANAGER AGENT
409 SILVERSIDE ROAD SUITE 105
WILMINGTON, DE 19809

**NOTICE**
US SECURITIES & EXCHANGE COMMISSION
ATTN BANKRUPTCY COUNSEL
444 SOUTH FLOWER ST SUITE 900
LOS ANGELES, CA 90071-2934

**SCHEDULE D**
NATIONAL SERVICES INC
ATTN PRESIDENT OR MANAGER AGENT
175 S LAKE AVENUE SUITE 200
PASADENA, CA 91101

**SCHEDULE D**
HB FOUNDATION
ATTN PRESIDENT OR MANAGER AGENT
175 S LAKE AVENUE SUITE 200
PASADENA, CA 91101

**CLAIM FILED**
LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
PO BOX 54110
LOS ANGELES, CA 90054

**SCHEDULE F – 20 LARGEST**
ACCOUNTING PRINCIPALS
ATTN STEVEN REBIDAS
DIRECTOR CLIENT SERVICES & CREDIT ADMINISTRATION
10151 DEERWOOD PARK BLVD
JACKSONVILLE, FL 32256

**SCHEDULE F – 20 LARGEST**
AT&T
ATTN PRESIDENT OR MANAGER AGENT
PO BOX 5014
CAROL STREAM, IL 60197-5014

**SCHEDULE F – 20 LARGEST**
AT&T
ATTN PRESIDENT OR MANAGER AGENT
PO BOX 5014
CAROL STREAM, IL 60197-5014

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**SCHEDULE F – 20 LARGEST**
CDW DIRECT
ATTN PRESIDENT OR MANAGER AGENT
ATTN BOBBY DALTON
PO BOX 75723
CHICAGO, IL 60675-5723

**SCHEDULE F – 20 LARGEST**
CITY OF PASADENA
ATTN MANAGER AGENT
ATTN FINANCE ACCOUNTS RECEIVABLE
PO BOX 7115
100 N GARFIELD AVE N106
PASADENA, CA 91109-7215

**SCHEDULE F – 20 LARGEST**
EQUIFAX INFORMATION SVCS LLC
ATTN PRESIDENT OR MANAGER AGENT
PO BOX 740253
ALTANTA, GA 30374-0253

**SCHEDULE F – 20 LARGEST**
LOGMEIN
ATTN PRESIDENT OR MANAGER AGENT
PO BOX 50264
LOS ANGELES, CA 90074-0264

**SCHEDULE F – 20 LARGEST**
LOEB & LOEB
ATTN PRESIDENT OR MANAGER AGENT
10100 SANTA MONICA BLVD SUITE 200
LOS ANGELES, CA 90067

**SCHEDULE F – 20 LARGEST**
PASADENA FIRE RECOVERY PROGRAM
ATTN PRESIDENT OR MANAGER AGENT
PO BOX 748631
LOS ANGELES, CA 90074-8631

**SCHEDULE F – 20 LARGEST**
PITNEY BOWES
ATTN PRESIDENT OR MANAGER AGENT
2225 AMERICAN DRIVE
NEENAH, WI 54956

**SCHEDULE F – 20 LARGEST**
RACKSPACE US INC
ATTN PRESIDENT OR MANAGER AGENT
1 FANATICAL PLACE
CITY OF WINDCREST
SAN ANTONIO, TX 78218

**SCHEDULE F – 20 LARGEST**
RAYMOND AVENUE SELF STORAGE
ATTN PRESIDENT OR MANAGER AGENT
2201 ALTON PARKWAY
IRVINE, CA 92606

**SCHEDULE F – 20 LARGEST**
READYREFRESH
ATTN PRESIDENT OR MANAGER AGENT
#216 6661 DIXIE HIGHWAY SUITE 4
LOUISVILLE, KY 40258

**SCHEDULE F – 20 LARGEST**
SOUTHLAND SHREDDING
ATTN PRESIDENT OR MANAGER AGENT
1131 N HELLMAN AVENUE
ONTARIO, CA 91764

**SCHEDULE F – 20 LARGEST**
TPX COMMUNICATIONS
ATTN PRESIDENT OR MANAGER AGENT
515 S FLOWER STREET 45TH FLOOR
LOS ANGELES, CA 90071-2201

**SCHEDULE F – 20 LARGEST**
WESPAY ADVISORS
ATTN PRESIDENT OR MANAGER AGENT
601 MONTGOMERY STREET SUITE 710
SAN FRANCISCO, CA 94111

**SCHEDULE F – 20 LARGEST**
VELETA STEVENS ET AL
C/O MIKE M ARIAS ESQ
ALFREDO TORRIJOS ESQ
ARIAS SANGUINETTI WANG AND TORRIJOS
LLP
6701 CENTER DRIVE WEST 14TH FL
LOS ANGELES, CA 90045

**SCHEDULE F – 20 LARGEST**
VELETA STEVENS ET AL
C/O NICHOLAS A COULSON ESQ
STEVEN D LIDDLE ESQ
LIDDLE AND DUBIN PC
975 EAST JEFFERSON AVE
DETROIT, MI 48207

**SCHEDULE F – 20 LARGEST**
WEBB PAYROLL SERVICE INC ET AL
C/O FRANCIS J CASEY FLYNN JR ESQ
LAW OFFICE OF FRANCIS J FLYNN JR
422 S CURSON AVE
LOS ANGELES, CA 90036

**SCHEDULE F – 20 LARGEST**
WEBB PAYROLL SERVICE INC ET AL
C/O JOHN A YANCHUNIS ESQ
JONATHAN B COHEN ESQ
MORGAN & MORGAN COMPLEX LITIGATION
GROUP
201 N FRANKLIN STREET 7TH FL
TAMPA, FL 33602

**SCHEDULE F – 20 LARGEST**
SARAH SIMMONS ET AL
C/O LAWRENCE J SEMENZA III ESQ
CHRISTOPHER D KIRCHER ESQ
JARROD L RICKARD ESQ
KATIE L CANNATA ESQ
SEMENZA KIRCHER RICKARD
10161 PARK RUN DR STE 150
LAS VEGAS, NV 89145

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**SCHEDULE F – 20 LARGEST**
BRIGITTE JONES ET AL
C/O DAVID L MEYERSON ESQ
1400 ROCKEFELLER BLDG
614 W SUPERIOR AVENUE
CLEVELAND, OH 44113


RETURNED MAIL

**SCHEDULE F – 20 LARGEST**
BRIGITTE JONES ET AL
C/O SHAUN H KEDIR ESQ
101 W PROSPECT AVE STE 1600
CLEVELAND, OH 44115


**SCHEDULE F – 20 LARGEST**
ACCOUNTING PRINCIPALS
ATTN PRESIDENT OR MANAGER AGENT
DEPT CH 14031
PALATINE, IL 60055-4031
**SEE PROOF OF CLAIM ADDRESS**

**SCHEDULE F – 20 LARGEST**
THE BANCORP BANK
C/O BETH MOSKOW-SCHNOLL ESQ
MATTHEW G. SUMMERS ESQ
CHANTELLE D MCCLAMBESQ
BALLARD SPAHR LLP
919 NORTH MARKET STREET 11TH FL
WILMINGTON, DE 19801-3034

**SCHEDULE F – 20 LARGEST**
THE BANCORP BANK
C/O BETH MOSKOW-SCHNOLL ESQ
JESSICA C WATT ESQ
WILLIAM J BURTON ESQ
BALLARD SPAHR LLP
919 NORTH MARKET STREET 11TH FL
WILMINGTON, DE 19801-3034
**SEE NOTICE OF APPEARANCE**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**